UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VINCENT LUCAS,<br>Plaintiff, | Case No. 1:17-cv-374<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| MONITRONICS INTERNATIONAL, INC., et al.,<br>Defendants. | **ORDER** |

This matter is before the Court on defendant Monitronics International, Inc.'s motion to stay proceedings (Doc. 10).

## I. Background

On May 5, 2017, pro se plaintiff Vincent Lucas filed an action in the Clermont County, Ohio Court of Common Pleas alleging that defendants violated his rights under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and Ohio law by placing calls to plaintiff's telephone using an automatic telephone dialing system or an artificial or prerecorded voice. (*See generally* Doc. 3). Plaintiff alleges these called were placed without his prior consent, contrary to his express instructions, and despite his phone number being on the national do not call registry. (*See id.*). Monitronics removed the action to this Court on June 1, 2017. (Doc. 1).

On June 9, 2017, Monitronics moved to stay all proceedings in this Court. (Doc. 10). Monitronics asserts that numerous other similar cases alleging TCPA violations have been filed against it and have been consolidated for pretrial purposes by the Judicial Panel on Multidistrict Litigation ("JPML"). (*Id.* at 3). Pursuant to 28 U.S.C. § 1407, Monitronics moved the JPML to transfer and consolidate this action to the Northern District of West Virginia (where the other

actions against it have been consolidated for pretrial purposes). On June 7, 2017, the JPML issued a conditional transfer order, transferring this case to the Northern District of West Virginia. (CTO-31, Exh. C, Doc. 10-3). On June 14, 2017, plaintiff filed a notice of opposition to the conditional transfer order. *In re: Monitronics Int'l, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, MDL No. 2493 (JPML), ECF 445. The JPML has set a briefing schedule on plaintiff's opposition to the conditional transfer order under which plaintiff's motion to vacate the order with a brief in support is due by June 29, 2017 and Monitronics' response is due by July 20, 2017. *Id.*, ECF 447.

## II. Legal Standard

"[T]he Court has the inherent power to stay proceedings pending the resolution of the same or related issues in another forum." *Hill v. Mitchell*, 30 F. Supp.2d 997, 1000 (S.D. Ohio 1998). The party seeking a stay bears the burden "to demonstrate a clear hardship or inequity if the present action moves forward, to address the injury done to the opposing party, and to evaluate the public interest, including the judiciary's interest in efficiency, economy, and fairness." *Id.* (citations omitted).

## III. Resolution

Monitronics argues that granting a stay will promote judicial economy by coordinating the pretrial management of actions sharing common issues. (Doc. 10 at 9). Monitronics contends that in the absence of a stay it will bear the burden of duplicative litigation in multiple district courts and will face the possibility of inconsistent pretrial rulings. (*Id.* at 10). Monitronics argues that any stay will not harm plaintiff because the stay will only be in effect for a short time until the JPML enters its decision concerning whether to transfer this case to the Northern District of West Virginia for pretrial management. (*Id.* at 11).

Monitronics' arguments are well-taken. "Courts frequently grant stays pending a decision by the [JPML] regarding whether to transfer a case." *State of Ohio v. U.S. EPA*, No. 2:15-cv-2467, 2015 WL 5117699, at *2 (S.D. Ohio Sept. 1, 2015) (quoting *Dowler v. Med. Shoppe*, No. 2:07-cv-848, 2007 WL 2907519, at *2 (S.D. Ohio Oct. 3, 2007)). Any stay imposed will be of limited duration, as plaintiff's motion to vacate the conditional transfer order will be fully briefed to the JPML by July 20, 2017. *See In re: Monitronics Int'l, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, MDL No. 2493 (JPML), ECF 447. Further, it would be a waste of judicial resources for this Court to issue rulings in this case if it may be transferred to the Northern District of West Virginia in short order. *See, e.g., State of Ohio*, 2015 WL 5117699, at *3 ("It would be a waste of judicial resources for this case to proceed here if it is ultimately determined that it is [another court] that is the appropriate court to consider plaintiffs' claims.").

## IV. Conclusion

Consistent with the foregoing, defendant Monitronics' motion to stay proceedings (Doc. 10) is hereby **GRANTED** pending the JPML's decision on whether to transfer this case to the Northern District of West Virginia.

**IT IS SO ORDERED.**

Date: 6/16/17

Karen L. Litkovitz
United States Magistrate Judge

3