UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VINCENT LUCAS,<br>　　Plaintiff, | Case No. 1:17-cv-374<br>Cole, J.<br>Litkovitz, M.J. |
| vs. | |
| MONITRONICS INTERNATIONAL, INC., et al.,<br>　　Defendants. | **REPORT AND<br>RECOMMENDATION** |

This matter is before the Court on plaintiff's motion for default judgment against defendant Defend America, LLC (Doc. 41), to which defendant has not responded.

**I. Background**

On May 5, 2017, pro se plaintiff Vincent Lucas filed an action in the Clermont County, Ohio Court of Common Pleas alleging that defendants violated his rights under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and Ohio law by placing calls to plaintiff's telephone using an automatic telephone dialing system or an artificial or prerecorded voice. (*See generally* Doc. 3).[1] Plaintiff alleges these calls were placed without his prior consent, contrary to his express instructions, and despite his phone number being on the national do not call registry. (*See id.*). Monitronics removed the action to this Court on June 1, 2017. (Doc. 1).

On June 19, 2017, this Court granted Monitronics' motion to stay all proceedings in this Court pending the Judicial Panel on Multidistrict Litigation's ("JPML") decision on whether to transfer and consolidate plaintiff's case with similar cases alleging TCPA violations against

---

[1] The Court notes that plaintiff is an experienced pro se litigant who has pursued at least eleven lawsuits in this Court, most of which contain similar allegations of illegal telemarketing practices. *See Lucas v. Gotra*, No. 18-cv-664, 2019 WL 3349957, at *1 (S.D. Ohio July 25, 2019) (Bowman, M.J.) (citing cases filed by Vincent Lucas in this Court).

Monitronics in the Northern District of West Virginia. (Doc. 15). On October 16, 2017, the JPML issued a transfer order consolidating plaintiff's case with similar cases in the Northern District of West Virginia. (Doc. 31). Thereafter, this matter remained stayed in this Court. On September 24, 2019, the JPML issued a conditional remand order remanding this case back to this Court. (Doc. 33). In light of the JPML's conditional remand order, the Court lifted the stay and reinstated this case on the Court's active docket on April 28, 2020. (Doc. 39). The Court also ordered plaintiff to file a status report on the remaining claims in this case within thirty days. (*Id.*). On May 24, 2020, plaintiff filed a status report representing that his claims against Defend America, LLC are the only remaining claims in this case. (Doc. 42). Plaintiff represents that all other defendants were voluntarily dismissed. (*Id. See also* Docs. 14, 19, 33-2, 33-3, 36).[2] On May 18, 2020, plaintiff filed the present motion for default judgment. (Doc. 41). On May 26, 2020, the Clerk entered default against Defend America, LLC upon plaintiff's application. (Doc. 44).

## II. Resolution

Pursuant to Fed. R. Civ. P. 55, a party's default must first be entered by the Clerk at the plaintiff's request. Fed. R. Civ. P. 55(a). If the plaintiff's claim is not for "a sum certain or a sum that can be made certain by computation," the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b). Moreover, the plaintiff must apply to the Court for a default judgment "when a statute sets out minimum and maximum awards of damages which can be imposed by the Court." *Charvat v. NMP, LLC*, No. 2:09-cv-209, 2012 WL 2577489, at *2 (S.D. Ohio July 3, 2012). It is within the District Court's discretion to determine damages without a hearing when ruling on a motion for default judgment. *Dish Network L.L.C. v. McCoy*, No.

---

[2] The Court notes that Defend America was properly served on May 30, 2017 when the case was in state court. (*See* Doc. 1-4 at 4).

2

4:15-cv-205, 2015 WL 1976387, at *3 (N.D. Ohio Apr. 30, 2015) (declining to conduct a hearing where statutory damages demonstrate the basis for an award) (citing *Arthur v. Robert James & Associates Asset Management, Inc.*, No. 3:11-cv-460, 2012 WL 1122892, at *1 (S.D. Ohio Apr. 3, 2012)). "Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint[.]" *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). Thus, when considering a motion for default judgment, even though the well-pleaded factual allegations of the complaint are accepted as true for the purpose of determining liability, the Court must still determine whether those facts are sufficient to state a claim for relief. *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668 (N.D. Ohio 2016).

Plaintiff moves for default judgment against defendant Defend America in the total amount of $5,500.00, representing damages arising from May 6, 2015 and May 13, 2015 telemarketing calls. (Doc. 41 at 1-3). Plaintiff alleges in his complaint that the telephone number making these calls was assigned to Defend America, LLC and that Defend America, LLC acted as an agent on behalf of defendants Alliance Security and Monitronics in initiating these calls. (Complaint at ¶¶ 10-11).

### A. The May 6, 2015 call

Plaintiff alleges violations of 47 U.S.C. § 227(c) and Ohio Rev. Code § 4719.02 in relation to the May 6, 2015 call. (Doc. 41 at 2) (citing Complaint at ¶¶ 8, 66, 71). Plaintiff's complaint alleges that defendant's violation of Ohio Rev. Code § 4719.02 constitutes an unfair practice under the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.02(A). (Complaint at ¶ 71).

Section 227(c)(5)(A) creates a private right of action in favor of any "person who has

received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection. . . ." 47 U.S.C. § 227(c)(5)(A). Regulations prescribed under this section include the "Do-Not-Call" list provisions. *See* 47 C.F.R. § 64.1200(d)(3); *Charvat*, 2012 WL 4482945, at *2. Section 4719.02(A) provides that "[n]o person shall act as a telephone solicitor without first having obtained a certificate of registration or registration renewal from the attorney general. . . ." Ohio Rev. Code § 4719.02(A). Accepting the allegations of plaintiff's complaint as true for the purposes of the motion for default judgment, plaintiff alleges sufficient facts showing that he received more than one telephone call within a 12-month period by Defend America as required under § 227(c)(5)(A); the May 6, 2015 call was made to his number on the "Do-Not-Call" registry as prohibited by § 227(c)(5)(A) and its regulations; and the call was made by an entity that is not registered as a telemarketer under Ohio Rev. Code § 4719.02. (Complaint at ¶¶ 8, 66, 71). Therefore, plaintiff has established that Defend America violated both provisions of federal and state law described above.

The Court now turns to the question of statutory damages for the May 6, 2015 call. 47 U.S.C. § 227(c) permits a plaintiff to "recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each violation, whichever is greater. . . ." 47 U.S.C. § 227(c)(5)(B). Therefore, plaintiff is entitled to recover $500 under the TCPA for the May 6,

2015 call.³ In addition, Defend America's violation of Ohio Rev. Code § 4719.02(A) constitutes an unfair act or practice under the OCSPA, Ohio Rev. Code § 1345.02. The remedies for violations of the OCSPA are listed in Ohio Rev. Code § 1345.09, which allows a consumer to recover "three times the amount of the consumer's actual economic damages or two hundred dollars, whichever is greater[.]" Ohio Rev. Code § 1345.09(B). Therefore, plaintiff is entitled to recover $200 under Ohio Rev. Code § 1345.02 for defendant's failure to register as a telephone solicitor with the state attorney general. *See* Ohio Rev. Code § 4719.02(A). Accordingly, plaintiff should be awarded **$500.00** for the violation of the TCPA and **$200.00** for the violation of state law in relation to the May 6, 2015 call.

### B. The May 13, 2015 call

Plaintiff alleges violations of 47 U.S.C. § 227(b) and (c) and Ohio Rev. Code § 4719.02 in relation to the May 13, 2015 call. (Doc. 41) (citing Complaint at ¶¶ 8, 9, 66, 67, 71, 72). Accepting the allegations of plaintiff's complaint as true for the purposes of the motion for default judgment, the Court concludes that plaintiff has alleged sufficient facts showing violations of 47 U.S.C. § 227(b) and (c) for the May 13, 2015 call. Plaintiff alleges that the May 13, 2015 telemarketing call was initiated despite the fact that his number was listed on the national "Do-Not-Call" registry, in violation of 47 U.S.C. § 227(c). (Complaint at ¶¶ 8, 66). Plaintiff also alleges that the call was initiated with an artificial or prerecorded voice in violation

---

³ 47 U.S.C. § 227(c)(5)(C) allows a court, in its discretion, to increase the amount of the award equal to not more than 3 times the amount available under subparagraph B if the court finds that the defendant willfully or knowingly violated the regulations. Plaintiff's motion for default judgment requests that he be awarded $1,500 under the TCPA for Defend America's willful violation of the statute. However, plaintiff's conclusory allegation that Defend America's actions were "willful" is nothing more than a legal conclusion couched as a factual allegation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court accepts the well-pleaded factual allegations of plaintiff's complaint as true for the purpose of deciding the motion for default judgment; however, plaintiff's complaint must sufficiently state a claim for relief under both federal and state law. *Zinganything, LLC*, 158 F. Supp. 3d at 672. Plaintiff has not alleged facts showing a willful or knowing violation of the statute. Therefore, the Court declines to increase the amount of the award.

of 47 U.S.C. § 227(b), which provides that it is unlawful to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party[.]" 47 U.S.C. § 227(b)(1)(B). (Complaint at ¶¶ 2, 8, 67).

With regard to state law violations, plaintiff alleges four separate violations in his motion for default judgment:

- The call was made by an entity that is not registered as a telemarketer under Ohio Rev. Code § 4719.02. Compl. ¶¶ 66, 71
- The call did not disclose the identity of the seller in violation of 16 C.F.R. § 310.4(d)(1). Compl. ¶¶ 8-9, 74
- The call was made using a pre-recorded voice in violation of 16 C.F.R. § 310.4(b)(v). Compl. ¶¶ 8, 72.
- The call did not immediately disclose that the purpose of the call was to effect a sale, in violation of Ohio Admin. Code 109:4-3-11(A)(1). Compl. ¶ 8.

(Doc. 41 at 3). As plaintiff points out, this Court has recognized all four of the above as separate OCSPA violations in previous cases. (*Id.*) (citing *Lucas v. Telemarketer Calling From (407)-476-5680*, Case No. 1:12-cv-630 (Doc. 130), *Lucas v. Jolin et al.*, Case No. 1:15-cv-108 (Doc. 31)). Plaintiff's argument is well-taken and the Court, in accordance with this Court's previous rulings, finds that all four of the above alleged actions constitute separate violations of the OCSPA.[4] Accordingly, plaintiff has also sufficiently alleged facts showing four separate

---

[4] In granting one of plaintiff's motions for default judgment, Magistrate Judge Bowman explained that "violations of the TCPA can constitute independent violations of the OCSPA, so long as the circumstances of those calls violate specific provisions of the OCSPA." *Lucas v. Telemarketer Calling From (407)-476-5680*, Case No. 1:12-cv-630 (Doc. 37 at 10) (citing *Charvat v. NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011)). Magistrate Judge Bowman thus found three separate injuries under the OCSPA: calls were placed to a number on the national Do-Not-Call registry in violation of 16 C.F.R. § 310.4(b)(iii)(B); calls did not disclose the identity of the seller in violation of 16 C.F.R. § 310.4(d)(1), thus preventing the called party from contacting the telemarketer to avoid future calls; and calls failed to disclose that their purpose was to effect a new sale in violation of 16 C.F.R. § 310.4(d)(2) and Ohio Admin. Code § 109:4-3-11(A)(1). *Telemarketer*, Case No. 12-cv-630 (Doc. 130 n.5). In the same case, in ruling on another motion for default judgment against a different defendant, Judge Spiegel accepted these three injuries as separate violations of the OSCPA in addition to a fourth injury: defendant's failure to register as a telemarketer with the Ohio Attorney General. (Doc. 130). In a separate case, Magistrate Judge Bowman found plaintiff's allegation that defendant made a call using a pre-recorded voice in violation of 16 C.F.R. § 310.4(b)(v) to be a separate violation of the OSCPA. *Lucas v. Jolin*, Case No. 1:15-cv-108 (Doc. 31 at 9). Therefore, consistent with these rulings, the Court concludes that plaintiff has alleged four separate injuries under the OSCPA.

violations of the OCSPA, Ohio Rev. Code § 1345.02.

The Court now turns to the question of statutory damages for the May 13, 2015 call. As stated above, plaintiff is entitled to statutory damages of $500 for the violation of § 227(c). 47 U.S.C. § 227(c)(5)(B). Plaintiff is also entitled to $500 in damages for the violation of § 227(b). *See* 47 U.S.C. § 227(b)(3)(B) (a person whose rights under § 227(b) have been violated is entitled to "actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater[.]").[5] As explained above, plaintiff is entitled to recover $200 in statutory damages under Ohio Rev. Code § 1345.09(B) for each of the four separate violations of the OCSPA. Accordingly, plaintiff should be awarded **$1,000.00** for violations of the TCPA and **$800.00** for four separate violations of state law in relation to the May 13, 2015 call.

### III. Conclusion

Based on the foregoing, it is **RECOMMENDED** that:

1. Plaintiff's motion for default judgment (Doc. 41) be **GRANTED**.
2. Plaintiff be awarded a judgment against defendant Defend America, LLC of:
    a. **$500.00** for the violation of the TCPA and **$200.00** for the violation of state law in relation to the May 6, 2015 call;
    b. **$1,000.00** for violations of the TCPA and **$800.00** for violations of state law in relation to the May 13, 2015 call;
    c. **TOTAL DAMAGES** of **$2,500.00**.

---

[5] The Court reiterates that plaintiff has not sufficiently alleged facts showing a willful or knowing violation for the Court, in its discretion, to increase the amount of the award to an amount equal to not more than 3 times the amount available under 47 U.S.C. § 227(b)(3)(B). *See* 47 U.S.C. § 227(b)(3)(C).

3. This case be **CLOSED** on the docket of this Court.

Date: 11/2/2020

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LUCAS,    Case No. 1:17-cv-374
    Plaintiff,    Cole, J.
        Litkovitz, M.J.

vs.

MONITRONICS INTERNATIONAL, INC., et al.,
    Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).