**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

VINCENT LUCAS,

*Plaintiff*,

vs.

MONITRONICS INTERNATIONAL, INC., *et al.*,

*Defendants*.

Case No. 1:17-cv-374

Judge Jeffery P. Hopkins

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Karen L. Litkovitz. The Magistrate Judge recommended granting Vincent Lucas's ("Plaintiff" or "Lucas") motion for default judgment (Doc. 41) against Defend America, LLC ("Defend America") and awarding statutory damages in the amount of $2,500.00 to Lucas under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)–(c), and Ohio Rev. Code § 4719.02. Doc. 46. Plaintiff has filed an Objection, asserting that Judge Litkovitz "erred in finding that the complaint fails to state a claim for trebled [*sic*] damages for a violation of the TCPA done willfully or knowingly." Doc. 47, PageID 538. For the reasons explained below, Plaintiff's Objection is **OVERRULED**, and the Report and Recommendation is **ADOPTED**.

## I. BACKGROUND

The procedural history of this and related litigation is complex but thoroughly presented in the Magistrate Judge's Report and Recommendation. As such, this Order only

briefly summarizes the facts relevant to the decision reached by the Court in this case. Plaintiff, *pro se*, resides in the state of Ohio. Compl., Doc. 3, ¶ 2. Plaintiff placed his home telephone number on the "Do-Not-Call" registry available to consumers. *Id*. ¶¶ 2–3. Lucas, who is no stranger to representing himself in actions against alleged TCPA violators, originally filed this Complaint in state court on May 5, 2017, before the case was removed to this Court on June 1, 2017. Docs. 1, 3.

The Complaint alleges that various defendants made 51 telemarketing calls to his residential phone by or on behalf of both Monitronics International, Inc. ("Monitronics") and Alliance Security, Inc. ("Alliance" or "Alliance Security"), two telemarketers originally named as defendants in the lawsuit who have since been dismissed.[1] Compl., Doc. 3, ¶ 6. Calls made on May 6 and May 13, 2015—originating from a phone number assigned to Defend America—form the predicate for the issue now for review. *Id.* ¶¶ 6–13. Allegedly, the calls were made by Defend America. *Id.* Plaintiff alleges the May 2015 calls violated the TCPA and related Ohio laws. *Id.* ¶¶ 8, 66, 71.

Because Monitronics was originally named as a defendant, this case was transferred to the Northern District of West Virginia as a part of multi-district litigation ("MDL"). *See Monitronics Int'l, Inc. Telephone Consumer Protection Act Litigation*, No. 1:13-md-2493-JPB (N.D. W.Va.). However, three months later, on September 24, 2019, the case was remanded back to this Court. Doc. 33. At this point, Plaintiff represents that only his claims against Defend America remain. Doc. 42. Subsequently, on May 13, 2020, Plaintiff filed an application for default against Defend America (Doc. 40) and on May 18, 2020, Plaintiff filed a motion for

[1] On May 24, 2020, after this case was remanded to this Court, Plaintiff filed a status report representing that all other claims against defendants named in the original complaint, with the exception of those asserted against Defend America, were voluntarily dismissed. Doc. 42; *see also* Docs. 14, 19, 33-2, 33-3, 36.

default judgment against Defend America. Doc. 41. The Clerk of this Court entered default against Defend America on May 26, 2020. Doc. 44.

Because the case was filed by Plaintiff, *pro se*, it was subsequently referred to the Magistrate Judge. The Magistrate Judge recommended that Plaintiff's motion for default judgment against Defend America be granted and that Plaintiff be awarded (1) $500 for the violation of the TCPA and $200 for the violation of state law in relation to the May 6, 2015 call and (2) $1,000 for violations of the TCPA and $800 for violations of state law in relation to the May 13, 2015 call, and (3) that the case be closed on the docket of this Court. Doc. 46. Plaintiff strenuously objects contending that he is not only entitled to a default judgment but also to treble damages under the TCPA. Doc. 47. In making the argument, Plaintiff relies on the factual allegations asserted in his Complaint and the so-called evidence he submitted allegedly showing that Defend America engaged in similar conduct in a different case involving the Federal Trade Commission ("FTC") and that that proves Defend America's conduct in this case was willful and/or knowing and likewise violative of the TCPA, making treble damages warranted. *Id.* at PageID 546–47.

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* § 636(b)(1).

## III. LAW AND ANALYSIS

### A. Plaintiff's Objection is Overruled

As noted, Plaintiff objects to the Magistrate Judge's finding that the Complaint failed to state a claim for treble damages for a TCPA violation. Doc. 47. Further, Lucas contends that this is the first time that any judge of any court has found that his Complaint failed to state a claim that a TCPA violation was done willfully or knowingly. *Id*. at PageID 539. In support of his request for treble damages, Plaintiff relies primarily on three grounds. First, as noted, Lucas relies on the allegations contained in the Complaint to prove Defend America's conduct was knowing and willful. *Id.* at PageID 538–39. Second, Lucas makes much of his interpretation—however flawed—of Ohio law and Federal Rule of Civil Procedure 9(b) for asserting the case for treble damages. *Id.* at PageID 540–41. And, lastly, Lucas argues strenuously that the Magistrate Judge failed to consider evidence submitted with the motion for default judgment, specifically the Federal Trade Commission's investigation of Defend America in another case in the District of Massachusetts: *FTC v. Gotra, et al.*, No. 1:18-cv-10548-GAO (D. Mass.). *Id*. at PageID 545–47. Lucas was not a party to that case.

Although the Court accepts well-pleaded factual allegations as true in determining liability on default, that rule does not automatically establish Plaintiff's entitlement to enhanced damages. *See JUUL Labs, Inc. v. FLI High, LLC*, No. 1:21-cv-00872, 2021 U.S. Dist. LEXIS 154240, at *2–3 (N.D. Ohio Aug. 17, 2021); *Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016); *Chanel, Inc. v. Wrice*, No. 5:13-cv-891, 2015 U.S. Dist. LEXIS 15337, at *15–16 (N.D. Ohio Feb. 9, 2015). The award of treble damages under the TCPA remains discretionary and requires a finding that Defend America's violations were willful or knowing. *See* 47 U.S.C. § 227(b)(3). Further, virtually every court in this Circuit that

has considered the question has also found it necessary for plaintiffs to proffer evidence beyond the complaint to support damages where the sum may be uncertain. *See Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (explaining that, where damages are for a sum uncertain, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing"); *Fustok v. ContiCommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment."), *cited with approval by Vesligaj*, 331 F. App'x at 354–55; *Arthur v. Robert James Assocs. Asset Mgmt.*, No. 3:11-cv-460, 2012 U.S. Dist. LEXIS 47240, at *3–4 (S.D. Ohio Apr. 3, 2012) (explaining that the moving party may prove the existence of damages through detailed affidavits or documentary evidence, or at an evidentiary hearing). Certainly, in the case where enhanced damages are being sought, this Court finds it necessary for Plaintiff to provide detailed affidavits or documentary evidence so that it can formulate a proper basis for the damages specified in a default judgment before giving out such an award.

Turn then to Plaintiff's Objection to the Magistrate Judge's alleged failure to consider *Gotra*, and argument that *Gotra* "shows that Defend America willfully invaded the privacy rights of Americans" and "deserves to pay the maximum damages permitted under the law." Doc. 47, PageID 546. First off, Plaintiff was not a party to the *Gotra* litigation. Second, the facts and circumstances are separate from Plaintiff's claims in this case. Finally, the *Gotra* case was before a different court, and was brought by the FTC, not by Lucas or any party standing in privity with Lucas. The law does not permit Plaintiff to use the stipulated order entered and the civil penalty resolution in *Gotra* by the FTC against Defend America as so-called *evidence* to prove enhanced damages should be awarded in the current case.

Here, Plaintiff's reliance on *Gotra* is, at best, an attempt to use collateral estoppel offensively. It appears that Lucas is attempting to use the FTC's allegations raised in the *Gotra* case and the stipulated order that resulted from it as proof that Defend America acted knowingly or willfully with respect to the May 6, 2015 and May 13, 2015 calls. Doc. 47, PageID 546–47. Plaintiff's arguments—if that is what he is trying to say—are not well placed. Collateral estoppel is most commonly invoked defensively—by a defendant seeking to prevent a plaintiff from relitigating an issue the plaintiff previously litigated and lost. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326–31 (1979). A plaintiff may invoke collateral estoppel offensively, however, to prevent a defendant from relitigating an issue that the defendant previously litigated and lost against another party, provided application of the doctrine is fair and its traditional requirements are met. *Id.*; *see also Abbott v. E.I. du Pont de Nemours & Co.*, 97 F.4th 735, 746–50 (6th Cir. 2022). In either case, collateral estoppel requires: (1) the precise issue raised in the present case was raised and actually litigated in the prior proceeding; (2) determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought had a full and fair opportunity to litigate the issue in the prior proceeding. *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589–90 (6th Cir. 2009).

Plaintiff's attempt at offensive collateral estoppel fails because Plaintiff cannot satisfy the first two requirements. The FTC case did not actually litigate or necessarily decide whether Defend America knowingly or willfully made the two calls to Plaintiff in May 2015, much less whether those calls warrant treble damages under the TCPA. The FTC's complaint does not contain any specific allegations pertaining to a May 6, 2015 or May 13, 2015 call made by Defend America to Plaintiff's home phone. *See Gotra*, No. 1:18-cv-10548-GAO, Doc.

1 (D. Mass. Mar. 22, 2018). And, even if it did, Defend America and Jessica Merrick entered the stipulated order "without admitting or denying" the FTC complaint's substantive allegations. *Gotra*, No. 1:18-cv-10548-GAO, Doc. 62 (D. Mass. May 13, 2019).

Further, the order specifically provides that the complaint's allegations may be "taken as true, without further proof," only in subsequent civil litigation "by or on behalf of the *Commission*." *Id.* (emphasis added). This private TCPA action is neither brought by nor on behalf of the FTC. The limiting language also confirms that the parties did not intend the FTC allegations to operate as established facts in private litigation. A consent judgment ordinarily does not give issue-preclusive effect to allegations that the parties expressly declined to admit, unless the agreement clearly manifests a contrary intent. *See Arizona v. California*, 530 U.S. 392, 414 (2000) ("[S]ettlements ordinarily occasion no *issue preclusion* . . . unless it is clear . . . that the parties intend their agreement to have such an effect."); *United States v. Int'l Bldg. Co.*, 345 U.S. 502, 505–06 (1953) (a judgment entered pursuant to stipulation does not establish issue preclusion where the underlying issues were not actually litigated). Nothing in the stipulated order manifests an intent to bind private litigants or to conclusively establish Defend America's knowledge or willfulness as to Plaintiff's individual TCPA claims. Accordingly, *Gotra* may not be used to convert unadmitted FTC allegations into evidence of knowledge or willfulness in this case.

Importantly, also, courts in this Circuit typically only recognize and award enhanced damages in default judgment cases when the record contains actual proof—such as testimony from witnesses presented in affidavits—demonstrating that the violations were willful or knowing on the part of the defendant in the proceedings. For example, *in Luxottica Group, S.p.A. v. 111 Pit Stop, Inc.*, a case involving trademark infringement under the Lanham Act, a

statute that also allows for recovery of enhanced damages, the court relied not only on allegations contained in the complaint but also on the declaration from a witness with knowledge of the actions taken by the defendant in that case attributable to the damages claimed. *Luxottica Grp., S.p.A. v. 111 Pit Stop, Inc.*, No. 2:19-cv-00015, 2020 U.S. Dist. LEXIS 132462, at *17–18 (M.D. Tenn. July 27, 2020). There, the witness testimony described the defendants' conduct, including averments that the defendants had promoted, distributed, advertised, offered for sale, or sold counterfeit goods bearing plaintiffs' trademarks and that an investigator had personally observed those sales. *Id.*; *see also Chanel*, 2015 U.S. Dist. LEXIS 15337, at *17–22.

No comparable evidence appears here. Although Plaintiff did attach an affidavit to his motion for default judgment, that affidavit addresses only service of process and does not provide evidence that Defend America knew, or acted willfully with respect to, the facts constituting the alleged TCPA violations. Doc. 41-1, PageID 501. Under the circumstances, the allegations in Plaintiff's Complaint that Defend America acted willfully or knowingly (Compl., Doc. 3, ¶ 66, 92), are tantamount to legal conclusions, and without more, are insufficient to support an award of treble damages to Plaintiff. *Broad. Music, Inc. v. Whiskey Stop Bar and Grill, Inc.*, No. 5:23-cv-1889, 2024 U.S. Dist. LEXIS 37794, at *7 (N.D. Ohio March 5, 2024) ("Legal conclusions in the complaint are not deemed admitted by a defendant's default."). *See also Zinganything*, 158 F. Supp. 3d at 672 (finding even though defendant has defaulted, the court must determine whether factual allegations accepted as true state a claim for relief with respect to the claims for which plaintiffs seek default); *Kwik–Sew Pattern Co. v. Gendron*, No. 1:08-cv-309, 2008 U.S. Dist. LEXIS 94125, at *3 (W.D. Mich.

Nov. 19, 2008) ("[A] court may not enter default judgment upon a legally insufficient claim." (citations omitted)).

**B. Plaintiff is Entitled to Default Judgment**

Turning next to the Magistrate Judge's Report itself and this Court's obligation to conduct a *de novo* review. The Report recommends granting Plaintiff's motion for default judgment (Doc. 46) and awarding statutory damages in the amount of $2,500.00 to Lucas under the TCPA and Ohio Rev. Code § 4719.02. *Id.* The Court agrees.

As a threshold matter, Plaintiff's Complaint properly invokes this Court's jurisdiction. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1367 because Plaintiff has asserted a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. And, so related are Plaintiff's state law claims to the federal ones that they form part of the same case or controversy rendering it appropriate for the Court to exercise supplemental jurisdiction over them. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 455 (6th Cir. 1996). Finally, the Court has specific personal jurisdiction over Defend America. Plaintiff alleges that Defend America—acting on behalf of Monitronics and Alliance—purposefully directed telemarketing calls to Plaintiff in Ohio, and Plaintiff's claims arise directly from those forum-related contacts. Compl., Doc. 3, ¶¶ 2, 8, 10–11.[2] Defend America therefore could reasonably anticipate being hauled into an Ohio court. *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 505–07 (6th Cir. 2014); *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889–92 (6th Cir. 2002).

---

2 The Court also notes that Defend America was properly served on May 30, 2017 when the case was in state court. *See* Doc. 1-4, PageID 67.

There is a two-step sequential process for obtaining default judgment. *See Allied Consol. Enters. v. Aladwan*, No. 2:20-cv-4561, 2021 WL 1572291, *2 (S.D. Ohio April 22, 2021). First, a party must apply for an entry of default from the clerk.[3] *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Then, after a party obtains an entry of default, that party may request that default judgment be entered. Fed. R. Civ. P. 55(b). This can happen two ways: by the clerk or by the court.

If the party's claim is for a sum certain or a sum that may be ascertained by computation, the clerk may enter default judgment. Fed. R. Civ. P. 55(b). In any other case, the party must seek default judgment from the court. *Id.* When considering an application for default judgment, the court will accept the complaint's factual allegations as true but must assess whether the factual allegations are legally sufficient to state the alleged cause of action. The moving party may prove the existence of damages through detailed affidavits or documentary evidence, or at an evidentiary hearing. *Arthur*, 2012 U.S. Dist. LEXIS 47240, at *3.

For default judgment to be entered by a district court, the court must be satisfied that it possesses both subject matter and personal jurisdiction over the nonresponsive party. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case."); *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of

---

[3] The Court notes that an entry of default was entered in this case on May 26, 2020. *See* Doc. 44.

the district court, including entry of the default judgment."); *Kuhlman v. McDonnell*, No. 1:20-cv-510, 2022 WL 407240, at *2 (S.D. Ohio Feb. 10, 2022).

Once the jurisdictional prerequisite has been met, a district court, before awarding default judgment to a plaintiff, must also weigh the factors articulated by the Sixth Circuit in *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002). Those factors are:

> (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits.

*Id.*; *see also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

Having already established that this Court has both subject matter jurisdiction and personal jurisdiction over Defend America, the Court ultimately must weigh the factors set forth in *Russell*, starting first with whether Plaintiff has asserted sufficient and meritorious claims.

1. *Sufficient and Meritorious Claims*

The second and third factors in *Russell* relate to the merits of Plaintiff's claims and the sufficiency of Plaintiff's Complaint. Like courts have traditionally done, this Court will consider these factors together. Plaintiff alleges violations of 47 U.S.C. §§ 227(b)–(c) and Ohio Rev. Code §§ 1345.02(A), 4719.02. Compl., Doc. 3, ¶¶ 66, 71.

Section 227 authorizes a private right of action on behalf of any person who "has received more than one telephone call within any 12-month period by or on behalf of the same entity" in violation of the regulations promulgated under that subsection. 47 U.S.C. § 227(c)(5). Those regulations include the Do-Not-Call provisions. *See* 47 C.F.R. § 64.1200(c)(2). Further, Section 227 prohibits the use of an artificial or prerecorded voice in making calls to any residential telephone line. 47 U.S.C. § 227(b)(1)(B).

In his Complaint, Plaintiff alleges that in 2002 Cincinnati Bell assigned a specific phone number[4] to his residential telephone line in Amelia, Ohio and that he has retained this phone number ever since. Compl., Doc. 3, ¶ 2. Plaintiff further alleges that his phone number was on the national Do-Not-Call registry since 2003. *Id.* ¶ 3. Despite this, Plaintiff received two calls from (888) 336-9616—which was assigned to Defend America—on May 6, 2015 and May 13, 2015, one of which used a prerecorded voice. *Id.* ¶¶ 8, 10, 66. Finally, Plaintiff alleges he does not have an "established business relationship" within the meaning of 47 U.S.C. § 227(a)(2). *Id.* ¶ 4. Taking these allegations as true, this Court finds that Plaintiff's Complaint states sufficient and meritorious claims against Defend America for violations of 47 U.S.C. §§ 227(b)–(c).

Ohio Revised Code § 4719.02(A) further provides that "[n]o person shall act as a telephone solicitor without first having obtained a certificate of registration or registration renewal from the attorney general." Ohio Rev. Code § 4719.02(A). Plaintiff alleges that on May 6, 2015 and May 13, 2015, Defend America was not registered as a telemarketer with the Ohio attorney general. Compl., Doc. 3, ¶ 66. Taking the factual allegations as true, this Court finds that Plaintiff's Complaint states sufficient and meritorious claims against Defend America for violations of § 4719.02(A) as to the May 6, 2015 and May 13, 2015 calls. *See Lucas v. Jolin*, No. 1:15-cv-108, 2015 U.S. Dist. LEXIS 155858, at *8–14 (S.D. Ohio Oct. 29, 2015) (finding allegations that an unregistered telemarketer made calls using a prerecorded voice to a number not on the Do-Not-Call registry were sufficient to state a claim and support an award of damages under Ohio law).

---

[4] To protect Plaintiff's privacy, the Court directs that Plaintiff's telephone number be omitted from the public record of this Order pursuant to Federal Rule of Civil Procedure 5.2 and the Court's authority to require additional redaction.

2. *Prejudice to the Plaintiff*

Having found that Plaintiff has stated sufficient and meritorious claims, the Court must next determine whether Plaintiff would suffer prejudice if his motion were denied. Plaintiff initiated this lawsuit in 2017 and the event underlying his Complaint occurred in 2015. Taking his allegations as true, this would mean that it has been nearly 10 years since Plaintiff received on his home phone—listed on the Do-Not-Call registry—unauthorized calls from Defend America. Defend America has made no effort to appear or defend this lawsuit. To deny Plaintiff's motion would "render Plaintiff's effort at a civil resolution futile, while rewarding Defendant's avoidance of this litigation." *Evans Adhesive Corp. v. Golden State Adhesives, Inc.*, No. 2:23-cv-1801, 2023 WL 7130676, at *3 (S.D. Ohio Oct. 30, 2023). For these reasons, the Court finds that this factor weighs in favor of default judgment.

3. *Amount of Money at Stake*

Next, the Court considers the amount of money at stake. Plaintiff asks that the Court award him $1500 for each violation of 47 U.S.C. § 227(b), $1500 for each call which violated 47 U.S.C. § 227(c), and $200 for each violation of Ohio Rev. Code § 1345.02 and an award of reasonable attorneys' fees and costs. Compl., Doc. 3, PageID 88–89. Because the requested relief is tied to statutory amounts rather than an inflated or unsupported demand, the amount at stake is proportionate to the alleged misconduct. This factor therefore weighs in favor of default judgment.

4. *Possible Disputed Material Facts*

As for the next factor, Defend America has not placed any material facts in dispute as it has failed to appear or defend against this action. Additionally, because Defend America has failed to respond to Plaintiff's Complaint and the motion for default judgment, Defend

America has forfeited the right to dispute the allegations set forth therein. *See Evans Adhesive Corp.*, 2023 WL 7130676, at *3. Thus, this factor weighs in favor of default judgment.

5. *Excusable Neglect*

Like the previous factor, this Court is unable to attribute Defend America's default to excusable neglect because it failed to appear or otherwise defend in this action despite proper service of process. This fact is indicative of actual disregard rather than excusable neglect. *United States v. Intelligent Perimeter Sys.*, No. 2:21-cv-1913, 2022 WL 3348653, at *4 (S.D. Ohio Aug. 12, 2022). This factor therefore favors default judgment.

6. *Preference for a Decision on the Merits*

As a final consideration, the Court must account for "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1472. By its nature, default judgment conflicts with merits-based decisions. But in cases such as this, where Defend America has shown no interest in pursuing a decision on the merits or defending itself against the claims, it is appropriate to consider the need for judicial efficiency and the needs of the litigants that have actually appeared before the Court. There are no mitigating factors that weigh against default judgment; thus, the Court is compelled to resolve this case through default judgment. Accordingly, default judgment shall issue against Defendant.

**C. Damages**

1. *May 6, 2015 Phone Call*

Turning to the question of statutory damages, Plaintiff alleges violations of 47 U.S.C. § 227(c) and Ohio Rev. Code § 4719.02 in relation to the May 6, 2015 call. Doc. 41, PageID 496; Compl., Doc. 3, ¶¶ 8, 66. The TCPA permits a plaintiff to "recover for actual monetary

loss from such a violation [of Section 227], or to receive up to $500 in damages for each violation, whichever is greater." 47 U.S.C. § 227(c)(5)(B). Thus, Plaintiff is entitled to recover $500 under the TCPA for the May 6, 2015 call. Further, Ohio Rev. Code § 1345.09 allows a consumer to recover "three times the amount of the consumer's actual economic damages or two hundred dollars, whichever is greater." Ohio Rev. Code § 1345.09(B). Therefore, Plaintiff is also entitled to $200 for the May 6, 2015 call, for a total of $700.

2. *May 13, 2015 Phone Call*

Plaintiff alleges violations of 47 U.S.C. § 227(b)–(c) and Ohio Rev. Code § 4719.02 in relation to the May 13, 2015 call. Doc. 41, PageID 497; Compl., Doc. 3, ¶¶ 8, 9, 66, 67, 71, 72. As stated above, Plaintiff is entitled to statutory damages of $500 for the violation of 47 U.S.C. § 227(c) because Defend America called his phone number despite it being on the Do-Not-Call registry. Compl., Doc. 3, ¶¶ 3, 8, 66. Further, Plaintiff alleges that the May 13, 2015 phone call was made using an artificial or prerecorded voice, and that it was done without his prior consent. *Id.* ¶¶ 2, 8, 67. 47 U.S.C. § 227(b) provides that it shall be unlawful to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(B). Per § 227(b)(3)(B), and taking the factual allegations as true, Plaintiff is entitled to $500 for a violation of § 227(b). Accordingly, Plaintiff is entitled to $1,000 for violations of the TCPA.

As explained above, Plaintiff is entitled to recover $200 in statutory damages under Ohio Rev. Code § 1345.09(B) for each violation of the OCSPA and the Sixth Circuit has previously recognized that violations of the TCPA can constitute independent violations of the OCSPA, so long as the circumstances of those calls violate specific provisions of the

OCSPA. *Charvat v. NMP, LLC*, 656 F.3d 440, 449–51 (6th Cir. 2011) (finding that the failure to state the salesperson's true name or the company on whose behalf the solicitation is being made, honor the Do-Not-Call registry, and state that the purpose of the call was to make a sale are violations of the OCSPA). In addition, this Court has previously held that a plaintiff's allegation that a defendant made a call using a prerecorded voice in violation of 16 C.F.R. § 310.4(b)(1)(v) constitutes a separate violation of the OCSPA. *Lucas*, 2015 U.S. Dist. LEXIS 155858, at *13.

Here, Plaintiff alleges four separate violations of the OCSPA: (1) the call was made by an entity that is not registered as a telemarketer under Ohio Rev. Code § 4719.02(A); (2) the call did not disclose the identity of the seller in violation of Ohio Rev. Code. § 4719.06(A)(1) and/or 16 C.F.R. § 310.4(d)(1); (3) the call was made using a prerecorded voice in violation of 16 C.F.R. § 310.4(b)(1)(v); and (4) the call did not immediately disclose that the purpose of the call was to affect a sale, in violation of 16 C.F.R. § 310.4(d)(2) and/or Ohio Admin. Code 109:4-3-11(A)(1). Doc. 41, PageID 497; Compl., Doc. 3, ¶¶ 8, 9, 66, 71, 72, 74.

Accordingly, the Court concludes that Plaintiff in this case has alleged four separate OCSPA violations arising from the May 13, 2015 call. Accordingly, Plaintiff is entitled to $200 for each violation, or $800 in total.

Based on the foregoing, the Court accepts, in whole, the findings contained in the Magistrate Judge's Report and Recommendation. Doc. 46. Plaintiff's motion for default judgment against Defend America will be granted and Plaintiff shall be awarded (1) $500 for the violation of the TCPA or 47 U.S.C. § 227(c) and $200 for the violation of Ohio Rev. Code § 4719.02 in relation to the May 6, 2015 call, and (2) $1,000 for violations of the TCPA or 47

U.S.C. § 227(b)–(c) and $800 for violations of Ohio Rev. Code § 4719.02 in relation to the May 13, 2015 call.

## IV. CONCLUSION

Having reviewed *de novo* the Magistrate Judge's Report and Recommendation (Doc. 46), the Court **ADOPTS** it and **OVERRULES** Plaintiff's Objection (Doc. 47). The Clerk will enter judgment granting the motion for default judgment (Doc. 41) and close this case on the docket of this Court.

**IT IS SO ORDERED.**

August 13, 2026

Jeffery P. Hopkins